**John V. RICH, Jr.; John V. Rich, III; Michael Ryan Rich & Cherokee Health Property, LLC, Appellants**

v.

**Andrea DURIE, as Next Friend for Larry Kolb, Appellee**

**NO. 12-17-00022-CV**

Court of Appeals of Texas, Tyler.

Opinion delivered June 21, 2017.

Darrin Walker, for Appellants.

Cory S. Fein, for Appellee.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## OPINION

James T. Worthen, Chief Justice

John V. Rich, Jr., John V. Rich, III, Michael Ryan Rich, and Cherokee Health Property, LLC (collectively the Riches), appeal the trial court's order denying their motion to dismiss the lawsuit filed by Andrea Durie, as Next Friend for Larry Kolb. In one issue, the Riches contend that the trial court lacks subject matter jurisdiction. We reverse and render.

## BACKGROUND

Kolb alleged he received negligent medical treatment at a nursing home operated by MSHC Bonner Street Plaza (MSHC) while he resided there in 2012. Acting as next friend for Kolb, Durie sued MSHC and recovered an uncontested judgment in the amount of $31,040,261.30. Approximately thirty million dollars of this award was for punitive damages.

Later, MSHC filed a Chapter Seven bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division. Durie filed a motion for relief from the automatic stay resulting from the bankruptcy filing so she could continue seeking to collect the state court judgment from MSHC and the Riches. Following a hearing on Durie's motion, the bankruptcy court entered an order denying her motion for relief from the automatic stay. In its order, the bankruptcy court stated as follows:

> The movant no longer has the right as a litigant to pursue any fraudulent transfer litigation—the Chapter 7 Trustee is the exclusive party with that power. The decision as to whether to seek such relief belongs to the Trustee, and the processes by which information is obtained regarding that decision, exclusively ones

arising within the bankruptcy code and the bankruptcy rules.

Subsequently, the Chapter 7 Trustee, Michael J. McNally, evaluated Durie's claims, with the assistance of her attorney, Cory Fein. Before the bankruptcy case was closed, McNally filed an application for attorney's fees on behalf of McNally and Patrick, the limited liability partnership of which he was a member. The attorney's fee application filed with the bankruptcy court stated, in pertinent part, as follows:

> 9. Applicant, as Counsel for the Trustee, has rendered substantial legal services to the bankruptcy estate. A summary of the nature and extent of the services performed by Applicant for the Estate is set forth below:
>
> a) **Asset Analysis and Recovery:** The primary purpose, necessity and benefit to the estate of the employment of McNally & Patrick was to obtain and review voluminous information to determine facts relevant to various possible causes of action against third parties including fraudulent transfers, preferential payments, inadequate capitalization and disregard of the corporate veil. The Debtor and others cooperated voluntarily with the disclosure of information and documentation to avoid the delay and expense of formal discovery. The case involved only one very large unsecured creditor represented by attorney Cory Fein. Trustee worked with Mr. Fein in reviewing the facts, exploring possible causes of action and, with the concurrence of Mr. Fein, determining that Trustee would take no action against third parties. These services were necessary because of the serious and thoughtful claims of the principal creditor. The benefit to the estate was that the possible causes of action were investigated and evaluated. Michael J. McNally was

the professional providing services on this project with 11.0 hours spent.

Following the distribution of the assets, including a portion to Durie, the bankruptcy court entered an order discharging the Chapter 7 Trustee and closing the case. But before the bankruptcy case was closed, Durie filed suit against the Riches in state court and she sought to pierce the corporate veil of MSHC thereby and to collect the judgment from the Riches individually. The Riches filed a motion to dismiss Durie's suit, alleging that only the bankruptcy court had jurisdiction over her cause of action. The trial court denied the Riches' motion to dismiss, and this interlocutory appeal followed.[1]

## SUBJECT MATTER JURISDICTION

In their sole issue, the Riches argue that the trial court lacks subject matter jurisdiction over Durie's suit to pierce the corporate veil of a Chapter 7 debtor.

### Standard of Review

Standing is a component of subject matter jurisdiction. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999). Without subject matter jurisdiction, courts may not address the merits of a case. *Id.* Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

### Governing Law

Filing a bankruptcy petition creates an estate that is comprised of, among other things, "all legal or equitable interests of the debtor and property as of the commencement of the case." *In the Matter of Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (citing 11 U.S.C. § 541(a)(1)). When the bankruptcy case is commenced, all legal or equitable interests of the debtor and its property become part of the bankruptcy estate, including any legal claims that belong to the debtor before the petition was filed. *See Douglas*, 987 S.W.2d at 882 (citing 11 U.S.C. § 541(a)(1)). To determine if a cause of action is property of the estate, a court must consider whether the debtor, under state law, could have asserted the action at the commencement of the bankruptcy proceeding. *See Barnhill v. Johnson*, 503 U.S. 393, 397–98, 112 S.Ct. 1386, 118 L.Ed. 2d 39 (1992) (citing *Butner v. U.S.*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed. 2d, 136 (1979)). Once a claim belongs to the bankruptcy estate, the trustee has exclusive standing to assert the claim. *See Douglas*, 987 S.W.2d at 882.

The alter ego doctrine is one theory used to pierce the corporate veil. *Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366, 370 (Tex. App.—El Paso 2010, no pet.). The Fifth Circuit has concluded that under Texas law, a corporation can pierce its own corporate veil because "the predominant policy of Texas alter ego law is that the control entity that has misused the corporation form will be held accountable for the corporation's obligations." *See Raytheon Co. v. Boccard USA Corp.*, 369 S.W.3d 626, 636–37 (Tex. App.—Houston [1st Dist.] 2012, pet denied) (quoting *In the Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1152 (5th Cir. 1987)). Thus, such a claim passes into the bankruptcy estate upon the filing of the bankruptcy petition. *See Raytheon*, 369 S.W.3d at 638 (citing 11 U.S.C. § 541(a)(1)). At that point, the trustee has the exclusive standing to assert the alter ego claim. *See Raytheon*, 369 S.W.3d at 638.

### Analysis

In the instant case, in its order denying Durie's motion for relief from

---

1. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (West Supp. 2016).

Stay, the bankruptcy court determined that the Chapter 7 Trustee had the exclusive power to pursue any fraudulent transfer litigation. In so doing, the bankruptcy judge acted in accord with Fifth Circuit precedent as set forth in *S.I. Acquisition*. The First Court of Appeals also has followed the precedent in *S.I. Acquisition*, concluding that, under Texas law, only the bankruptcy trustee has standing to assert any alter ego claims such as piercing the corporate veil. *See Raytheon Co.*, 369 S.W.3d at 635, 638.

Durie contends that there is an exception to the trustee's exclusive right to pursue such a claim, which is set forth in *Gibraltar Savings v. L.D. Brinkman Corp.*, 860 F.2d 1275 (5th Cir. 1988). But we conclude that the *Gibraltar Savings* case is distinguishable. There, the Fifth Circuit reaffirmed its holding in *S.I. Acquisition* that alter ego claims are property of the estate. *See Gibraltar Sav.*, 860 F.2d at 1285 (citing *S.I. Acquisition*, 817 F.2d at 1152). The court further determined that the creditor in that case could pursue its alter ego claim outside of the bankruptcy proceedings because it obtained the trustee's leave to pursue the claim in state court. *See Gibraltar Sav.*, 860 F.2d at 1285–86. Here, Durie failed to obtain the trustee's approval or to have the bankruptcy stay lifted. Further, she failed to follow the other available avenue the Fifth Circuit described in *Gibraltar*—filing an adversary proceeding in the bankruptcy case. *See id.* at 1286; *see also* FED. R. BANKR. P. 7001(1).

Alternatively, Durie cites the *Seven Seas Petroleum* case in support of her contention that she can sue the Riches in state court because they injured her by their fraudulent acts against MSHC. In *Seven Seas Petroleum*, creditors directly injured by a third party's fraud were allowed to sue that party in state court. *See Seven Seas Petroleum*, 522 F.3d at 587. The Fifth Circuit explained that this was permissible because the third party directly had defrauded the creditor and not the bankruptcy debtor. *See id.* As a result, the bankruptcy trustee could not assert a fraud claim against the third party. *See id.*

In the case at hand, the alleged actions by the third parties, the Riches, directly damaged MSHC and only indirectly damaged Durie. As the court in *Seven Seas Petroleum* explained, a creditor's indirect claim against a third party for damages directly caused by the debtor's fraudulent acts was property of the bankruptcy estate and only could be asserted by the trustee. *See id.* at 588–89; *see also Highland Capital Mgmt. L.P. v. Ryder Scott Co.*, 212 S.W.3d 522, 531–32 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Durie's claim is based on the judgment she obtained against MSHC, which was based on its tortious conduct. She never has alleged the Riches committed a tort against her directly. Therefore, any claim against the Riches was the property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1).

Based on the foregoing, we hold that the only court with jurisdiction over Durie's alter ego claims against the Riches, including piercing the corporate veil, was the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division. The Riches' sole issue is sustained.

### DISPOSITION

Having sustained the Riches' sole issue, we *reverse* the trial court's order denying the Riches' motion to dismiss Durie's original petition and *render* a judgment *dismissing* Durie's cause *for want of jurisdiction.*